PER CURIAM.
This disciplinary proceeding by The Florida Bar against Seymour Litman is before us on a petition for review of the report of the referee. The referee’s report and record have been filed with this Court pursuant to Florida Bar Integration Rule, Article XI, Rule 11.06(9)(b). We have jurisdiction. Art. V § 23, Fla.Const.
The report of the referee contains the following summary of allegations:

Count I±

The Florida Bar alleges that Respondent, acting in conspiracy or concert with Heriberto Sardina (“Sardina”) and Jose M. Morales Gomez (“Morales”), misappropriated $100,000 of funds of certain investors in Campbell Square, Inc. (formerly known as Monument Plaza, Inc.), a Florida Corporation. Respondent, who served as attorney in forming the corporation and buying land for the corporation using the investors’ funds, acknowledges the funds were paid into an escrow account in his name and on which he was the sole signatory and that the $100,000 in question was paid by him one-third each to Sardina, Morales and himself. Respondent, however, contends he was authorized to so disburse these funds.
Respondent’s essential defense to The Florida Bar’s allegations relates back to the earlier involvement of Respondent, Sardina and Morales in another corporation, referred to by the parties as “Yu-male.” Respondent asserts that Sardina and Morales owed him $40,000 for services to them in some connection with Yu-male and that this debt was settled by their authorization to him to pay himself $33,333.34 from the escrow account, they being otherwise entitled to receive that sum themselves. Since all essential facts underlying this defense are controverted, extensive Findings of Fact are required with respect thereto.
The Florida Bar alleges that, by reason of the allegations, Respondent violated his oath as an attorney; Rules 11.02(2) (Code of Ethics), (3) (moral conduct), and (4) (trust funds and fees) of the Integration Rule; and Disciplinary Rules 1-102(A)(3) (engaging in illegal conduct involving moral turpitude) and (4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 5-104(A) (limiting business relations with a *949 client), 6-101(A)(3)[1] (neglecting a legal matter entrusted to a lawyer); and 9-102(B)(1) (promptly notifying a client of receipt of the client’s securities and properties), (3) (maintaining complete records of clients’ funds and rendering appropriate accounts); and (4) (promptly paying a client funds the client is entitled to receive).

Count II

The Florida Bar alleges that Respondent, acting in conspiracy or concert with Sardina and Morales, misappropriated $158,000 [2] of funds of certain investors in Petropolis Development Corp., a Florida corporation. Respondent acknowledges he served as attorney in forming this corporation and in buying land for the corporation using the investors’ funds, but denies any other involvement.
The method by which The Florida Bar asserts Respondent received his portion of such funds is not entirely clear, but apparently was through a promissory note in the amount of $60,000 to him executed by Sardina and Morales. Respondent’s essential defense to The Florida Bar’s allegations relates back to the earlier involvement of Respondent, Sardina, Morales and others in another corporation, referred to by the parties as “Mosar.” As the result of this Bar assertion, substantial testimonial and documentary evidence was offered as to Respondent’s entitlement to legal fees from Mosar, promises to pay those fees, and notes and a mortgage given in connection with those fees. Since all essential facts relating to these subjects are controverted, extensive Findings of Fact are required with respect thereto.
The Florida Bar alleges that Respondent violated by reason of the alleged actions, his oath as an attorney; Rule 11.01(2)(3) and (4) of the Integration Rule; and Disciplinary Rules l-102(a)(3) and (4), 5-104(a), 6-101(A)(3) and 9-102(b)(l)(2)(3) and (4).
The referee recommended the following:

As to Count I

I recommend that Respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, Rule 11.02(2)(3) and (4) The Integration Rules of The Florida Bar and Disciplinary Rules of the Code of Professional Responsibility 1-102(A)(4), 6-101(A)(3), and 9-102(b)(l) and (3). I recommend that Respondent be found not guilty of Disciplinary Rules of the Code of Professional Responsibility 1-102(A)(3), 5-104(A), and 9-102(b)(l)(4).
As to Count II
I recommend that Respondent be found not guilty and specifically that he be found not guilty of the violations of his Oath as an attorney, The Integration Rules of The Florida Bar and Disciplinary Rules of the Code of Professional Responsibility cited in Count II of the Complaint.
Finally, with regard to discipline the referee recommended: (1) that respondent be suspended for three months, and thereafter until he proves his rehabilitation; (2) that respondent pay the cost of this proceeding; and (3) that respondent make restitution to the Venezuelan group in the amount of $33,333.34.
Having carefully reviewed the record we approve the findings and recommendations *950 of the referee. Accordingly, respondent, Seymour Litman, is hereby suspended from the practice of law in Florida for a period of three months and thereafter until respondent shall prove rehabilitation, effective thirty days after the filing of this opinion. Additionally, respondent shall make restitution to the Venezuelan group in the amount of $33,333.34. Respondent shall not accept any new business. Costs of these proceedings in the amount of $4,289.95, and any other such costs as may be incurred shall be charged to respondent.
It is so ordered.
ADKINS, A. C. J., and BOYD, OVER-TON, ALDERMAN and McDONALD, JJ., concur.

. This Disciplinary Rule was not the subject of the Complaint. The Florida Bar moved to amend the Complaint at the close of all the evidence to include this Disciplinary Rule. Over Respondent’s objection, the Referee grants this motion, since he finds no prejudice to Respondent, concluding the response to the charges would have been the same had this Disciplinary Rule been initially pled.

. Although the Complaint and, in particular, paragraph 28 thereof might be read to cover other funds, counsel for The Florida Bar and Respondent stipulated at the Pre-Hearing Conference that the only sums involved in this proceeding were the $100,000 as to one corporation and the $158,000 as to the other (Transcript of Pre-hearing, July 3, 1979 at 27).